■ GEORGE M. HICKS, Respondent, v. ERIE RAILROAD COMPANY, Appellant. — Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The court should have charged that, at a grade crossing, a railroad train has the right of way over an automobile on the intersecting highway (*Caledonia Ins. Co.* v. *Erie R.R. Co.*, 219 App. Div. 685; 1 Encyclopedia, New York Law of Automobiles, § 851; 4 N. Y. Juris., Automobiles, § 543). The defendant's request to charge with respect to this point may have been somewhat prolix but it sufficiently directed the court's attention to the deficiency in its charge. (Appeal from a judgment of Niagara Trial Term for plaintiff in an action for property damage and personal injuries sustained in a collision between a motor vehicle owned and operated by plaintiff and a railroad Diesel engine owned and operated by defendant. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ ESTELLE A. FRAWLEY, Respondent, v. HEARTHSTONE INSURANCE COMPANY OF MASSACHUSETTS, Appellant.— Judgment of the Monroe County Court and judgment of Justice's Court unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: There was no proof of facts from which it could be found that the accidental bodily injuries sustained by the insured occurred in any manner covered by the policy of insurance sued upon. (Appeal from judgment of Monroe County Court affirming a judgment of Justice's Court of the Town of Penfield in favor of plaintiff, in an action to recover the death benefit under a limited liability accident policy.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.